## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RODNEY WOODS,                          )
                                       )
      Petitioner,                 )
                                       )
    v.                             )          No. 4:22-CV-24 JAR
                                       )
UNITED STATES OF AMERICA,              )
                                       )
      Respondent.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The motion appears to be time-barred so the Court will order movant to show cause why the motion should not be summarily dismissed.

### Background

On September 24, 2019, movant pled guilty to one count of possession with intent to distribute fentanyl and one count of possession of a firearm in furtherance of a drug trafficking crime. *U.S. v. Woods*, No. 4:18-CR-874-JAR-1 (E.D. Mo. Oct. 18, 2018). On January 9, 2020, the Court sentenced movant to a total term of 97 months' imprisonment and three years of supervised release. Movant did not file an appeal.

On December 23, 2020, movant filed an unsigned document that appeared to be a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, but it was not on a court-provided form. *Woods v. U.S.*, No. 4:20-CV-1870-JAR, ECF No. 1 (E.D. Mo. Dec. 23, 2020). As such, on February 17, 2021, the Court directed movant to file an amended motion, on a court form, within thirty (30) days. *Id.* at ECF No. 4. After receiving a letter from movant advising the Court of his administrative segregation placement, the Court *sua sponte* granted movant an additional

thirty (30) days to file his amended motion. *Id.* at ECF No. 7. Movant's amended motion was due by April 19, 2021. When nothing had been filed by May 13, 2021, the Court dismissed the action for movant's failure to comply with the Court's orders and his failure to prosecute the case. *Id.* at ECF Nos. 9-10.

Movant initiated this suit by filing a motion under 28 U.S.C. § 2255, dated December 30, 2021. ECF No. 1. In the motion, movant asserts four grounds for relief based on ineffective assistance of counsel. *Id.* at 4-8. He does not state what relief he seeks. *Id.* at 12. In the section on the court form regarding the timeliness of his motion, movant states:

> At the time I [was] suppose[d] to file this motion I didn't have access to the law library because I was in the administration segregation unit (the hole) and they wouldn't allow me to have my legal work in the hole. And once I was release[d] from the hole they didn't have a law clerk worker to show me how to [fill] this form out or to show me how to work the computers in the law library. I needed help with this form because my comprehension level is real low and if you look up my school record you would see and understand what I mean. Now that I'm at this new institution I have receive[d] the help that I so badly needed.

*Id.* at 11.

### Legal Standards

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. U.S.*, 914 F.3d 1151, 1152 (8th Cir. 2019). Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

## Discussion

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f) and subject to summary dismissal.  Judgment was issued in movant's criminal case on January 9, 2020, and he did not appeal.  An unappealed criminal judgment becomes final, for purposes of calculating the time limit for filing a motion under § 2255, when the time for filing a direct appeal expires.  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).  In this case, the judgment became final fourteen days later on January 23, 2020.  Fed. R. App. Proc. 4(b)(1).  Movant did not file the instant motion until December 2021 – approximately eleven (11) months after the 1-year § 2255(f)(1) period expired.

Movant asserts that his motion is late due to being in administrative segregation, lack of access to the law library, and his need for assistance from a "law clerk worker" in order to complete the required forms.  Movant's arguments can be understood to claim an entitlement to equitable tolling.

- 3 -

Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be equitably tolled if a movant demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has recognized that the doctrine of equitable tolling applies to motions filed under § 2255. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

In the case at bar, movant makes no effort to demonstrate that he has been diligently pursuing his rights or that an extraordinary circumstance prevented timely filing. According to the Eighth Circuit, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" is not sufficient to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *see also Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013) (finding no extraordinary circumstances justifying equitable tolling where movant argued that he was detained in a separate housing unit for five months where he did not have access to the law library or his personal, legal materials). Movant's reasons for his late filing do not establish extraordinary circumstances that demonstrate a reason why movant could not file his motion on time.

Therefore, the Court will direct movant to show cause as to why he should be entitled to equitable tolling to prevent the dismissal of his § 2255 motion as time-barred. Movant will be given thirty (30) days from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

- 4 -

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2255 motion should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 25th day of January, 2022.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**